# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RHONDA L. DANIELS,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CH-0831-18-0260-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: July 14, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rhonda L. Daniels</u>, Champaign, Illinois, pro se.

<u>Alison Pastor</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed as settled her appeal of the reconsideration decision by the Office of Personnel Management (OPM), which found that she had received an overpayment of $12,550.40 in Federal Employees' Retirement System disability

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

annuity benefits.[2]  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2       In her petition for review, the appellant asserts that she has obtained new evidence that was not available to her before she signed the settlement agreement on April 10, 2018.  Petition for Review (PFR) File, Tab 1 at 4-5.  The evidence consists of a Summary of Payments, also dated April 10, 2018, recording the appellant's gross annuity benefits, deductions, and net payments for each month of calendar year 2017.  *Id*. at 8.  According to the appellant, the document shows

---

[2] On March 16, 2022, after the close of the record on review, the appellant filed two motions for leave to file additional pleadings.  The Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to a petition for review, and a reply to a response to a petition for review.  5 C.F.R. § 1201.114(a)(5).  For the Board to consider a party's pleading, other than one of those set forth above, the party must describe the nature and need for the pleading.  *Id*.  If a party wishes to submit a pleading after the record has closed, the party must also show that the evidence was not readily available before the record closed.  5 C.F.R. § 1201.114(a)(5), (k).  Here, the appellant has not shown that the additional information she wishes to present is material to the outcome of this appeal or that it was not readily available before the record closed.  Accordingly, the motions are denied.

that her overpayment was in fact $9,146.63, that OPM had "overpaid" the remainder of $3,403.77 to other entities, and that she should not be required to pay the latter amount. *Id*. at 4-5. In support of her claim that the evidence was unavailable to her when she signed the agreement, the appellant provides copies of email correspondence with OPM's representative, including an April 10, 2018 email in which the appellant requested a "computation of what I received." PFR File, Tab 8 at 5-6. The appellant indicated in that email that she had attached a copy of the signed agreement. *Id*. at 6.

¶3      We find the information contained in the Summary of Payments is neither new nor material. To satisfy the requirement that information obtained after the close of the record is new, the information itself, not the document it is contained in, must have been unavailable despite due diligence when the record closed below. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989); 5 C.F.R. § 1201.115(d). The information contained in the Summary of Payments is not new because, with due diligence, the appellant could have determined before entering the settlement agreement that the net payments she received during the overpayment period reflected deductions for Federal tax withholding and Federal Employees' Health Benefits and Federal Employees' Group Life Insurance premiums. *Id*. The appellant has not explained why she did not request that information from OPM before signing the agreement.

¶4      In addition, the information contained in the Summary of Payments is not material because it does not change the result obtained below. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). An appellant who challenges the validity of a settlement agreement must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake. *Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 583 (1994). Here, the appellant's failure to request a detailed payment summary before signing the agreement is, at most, a unilateral mistake, and does not provide a basis for setting aside the agreement. *See Dougherty v. Federal Deposit Insurance*

*Corporation*, 52 M.S.P.R. 311, 316 (1992). The appellant contends that OPM erred in its calculation of the overpayment, but in choosing to settle her appeal, she waived her right to have the Board review the merits of OPM's decision. *See Burks v. Department of the Interior*, 84 M.S.P.R. 423, ¶ 4 (1999), *aff'd*, 243 F.3d 566 (Fed. Cir. 2000) (Table).

¶5    The appellant also alleges that, contrary to the terms of the agreement, the agency erroneously collected a payment of $348.62. PFR File, Tab 1 at 4-5. The agency has since provided evidence that it promptly refunded that amount. PFR File, Tab 7 at 7. If the appellant believes the agency is still in noncompliance with the agreement, she may file a petition for enforcement with the Central Regional Office under the procedures set forth at 5 C.F.R. § 1201.182.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.